UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH L. BOTSFORD,

                Case No. 13-13379
 Plaintiff,           Hon. Lawrence P. Zatkoff

v.

BANK OF AMERICA, N.A.; UNKNOWN
TRUSTEE, as Trustee on behalf of the asset-
backed security in which the loan at issue was
pooled; and UNKNOWN TRUST, the unknown
asset-backed security at issue,

 Defendants.
                /

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 18, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Remand [dkt 6]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's motion is DENIED.

### II. BACKGROUND

The instant case centers on the foreclosure of Plaintiff Kenneth Botsford's ("Plaintiff") home. On June 7, 2013, Plaintiff filed a complaint in state court against Defendants Bank of

America, N.A. ("Bank of America"), Unknown Trustee and Unknown Trust, alleging claims that Defendants' improperly initiated foreclosure procedures against Plaintiff. Plaintiff seeks damages related to Defendants' alleged violations of state and federal law. Plaintiff also filed a motion for a preliminary injunction in state court to restrain and enjoin the sheriff's sale of Plaintiff's home. Bank of America timely filed a notice of removal with this Court, which Plaintiff now challenges.

### III. LEGAL STANDARD

A civil case filed in state court may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a). Federal courts have original, diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

### IV. ANALYSIS

Plaintiff's instant motion attacks Bank of America's removal on several grounds. First, Plaintiff argues Bank of America's failure to file all process, pleadings and orders filed in state court in accordance with 28 U.S.C. § 1446(a) ("§ 1446(a)") requires remand of this case. Additionally, Plaintiff argues that Bank of America failed to prove that federal question jurisdiction exists in this case.

Although Plaintiff and Bank of America dispute over whether federal question jurisdiction exists here, there appears to be no dispute over whether the Court has original diversity jurisdiction. The Court finds that the instant case meets all the requirements for original diversity jurisdiction detailed in 28 U.S.C. § 1332: diversity exists between the parties,[1]

---

[1] The citizenship of the unknown Trust and Trustee is not considered for diversity purposes in a petition for removal. *See* 28 U.S.C. § 1441(b)(1); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("Naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiff's.").

as Plaintiff is a citizen of Michigan and Bank of America is a North Carolina corporation. Further, the amount in controversy—the value of Plaintiff's home—exceeds the statutorily required amount of $75,000.00. As such, original diversity jurisdiction exists with this Court, making the debate over whether federal question jurisdiction exists irrelevant.

Plaintiff contends that establishing proper diversity jurisdiction with this Court is irrelevant, as Bank of America's violation of § 1446(a) requires a remand even if such diversity exists. Section 1446(a) states:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Plaintiff asserts that Bank of America's failure to include the summons addressed to it by the state court clerk violates § 1446(a) and warrants remand. Bank of America argues remand is improper, as it attached a copy of the summons to its notice of removal. Plaintiff asserts, however, that Bank of America attached the wrong summons, providing one addressed to Defendant Unknown Trust instead of Bank of America. Plaintiff argues this requires remand.

The Court is not convinced by Plaintiff's argument. Plaintiff indicates in his complaint that he treats Bank of America's address in North Carolina as the same as the Unknown Trust and the Unknown Trustee, as only Bank of America is privy to the whereabouts of the Unknown Trust and Unknown Trustee. This indicates that, if Plaintiff sent separate summons to all three Defendants, they were sent *to the exact same address*: Bank of America's headquarters. Following Plaintiff's logic, this means Plaintiff's motion to remand rests not on Bank of America's failure to attach a summons at all, but rather on Bank of America's alleged attachment of the wrong copy of the three identical summonses it allegedly received.

3

The Court finds that this alleged "mistake" does not warrant remand. The summons attached to Bank of America's notice of removal has "Unknown Trust c/o Bank of America, N.A." in the place designated for the defendant's name. The summons also indicates it was served via certified mail at Bank of America's headquarters in North Carolina. This corroborates that Bank of America was served with the summons attached to its notice of removal. Plaintiff cannot attempt to serve unknown—and as of yet unsubstantiated—parties at Bank of America's headquarters and then argue that Bank of America's production of that summons was in error.

Finally, Bank of America's "mistaken" attachment does not infringe upon the protections created by § 1446(a). *See Riehl v. National Mut. Ins. Co.*, 374 F. 2d 739, 742 (7th Cir. 1967) ("The directive of § 1446(a) . . . is obviously intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried."). The Court has already established—and the parties do not dispute—that diversity jurisdiction exists in this matter. Further, neither party disputes that Bank of America had the statutory authority to remove the case, and that it did so in a timely fashion. As such, the Court finds that to require remand for the extremely minor irregularity between the two summonses—the location of Bank of America's name—would be to elevate form over substance. *Id.*

The Court therefore will not grant Plaintiff's motion to remand.

## V. CONCLUSION

For the reasons state above, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand [dkt 6] is DENIED.

IT IS SO ORDERED.

Date:   October 18, 2013                           s/Lawrence P. Zatkoff
                                                   HON. LAWRENCE P. ZATKOFF
                                                   U.S. DISTRICT JUDGE